## ROGERS *v.* DURANT.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE NORTHERN DISTRICT OF ILLINOIS.

No. 318. Submitted April 16, 1891. — Decided May 11, 1891.

A bank check is a "bill of exchange" within the meaning of that term as used in the Statutes of Illinois prescribing the term of five years after the cause of action accrues, and not thereafter, as the time within which an action founded upon it must be commenced.

THIS was an action of assumpsit brought by Henry J. Rogers, January 26, 1884, against William F. Durant and others, as "surviving partners of the late firm of James W. Davis and associates," in the Circuit Court of the United States for the Northern District of Illinois, upon twenty instruments in writing, bearing various dates from April 12, 1869, to February 12, 1870. Durant alone was served with process.

The original declaration consisted of the common counts, and was subsequently amended by the addition of special counts upon each of the pieces of paper sued on, describing eighteen of them as bills of exchange and two as banker's

checks. All were payable at sight or on short time after date, and it was admitted that more than five years had elapsed after they became due before action was brought. The defendant filed eight pleas, which were ordered to stand as pleas to the amended declaration. The fourth plea was as follows: " And for a further plea in this behalf to said plaintiff's declaration and each of the counts thereof the said defendant, William F. Durant, says *actio non,* etc., because he says that the said several supposed causes of action, and each and all of them in said plaintiff's declaration, and each of the several counts thereof mentioned, are founded upon bills of exchange, and that no cause of action has accrued upon any or either of said bills of exchange, to the said plaintiff or the holder thereof, within five years next before the bringing of this suit, as the plaintiff hath above complained against him, the said defendant, but that each and all of said supposed causes of action accrued, if at all, after the tenth day of February, A.D. 1849, and prior to the fourth day of April, A.D. 1872; and this he is ready to verify. Wherefore he prays judgment," etc. To this plea plaintiff interposed a general demurrer, which was overruled by the court, and the plaintiff electing to abide by his demurrer, (the other pleadings being also at the same time disposed of,) judgment was rendered for the defendant, and the cause brought here on writ of error.

*Mr. David J. Wile* for plaintiff in error.

I. Banker's checks are not bills of exchange. *Merchants' Bank* v. *State Bank,* 10 Wall. 647; *In re Brown,* 2 Sto y, 502; *Morrison* v. *Bailey,* 5 Ohio St. 13; *S. C.* 64 Am. Dec. 632; *Hawley* v. *Jette,* 10 Oregon, 31; *Levy* v. *Laclede Bank,* 18 Fed. Rep. 193; *Champion* v. *Gordon,* 70 Penn. St. 474.

II. The Federal courts are not bound by the decisions of the State where a question of general commercial law arises. *Boyce* v. *Tabb,* 18 Wall. 546; *Hough* v. *Railway Co.,* 100 U. S. 213; *Williams* v. *Suffolk Ins. Co.,* 13 Pet. 415; *Robinson* v. *Comm. Ins. Co.,* 3 Sumner, 220; *Oates* v. *National Bank,* 100 U. S. 239.

III. Banker's checks, not being bills of exchange, are properly classed as "other evidence of indebtedness in writing" under the statute, and are not barred until the expiration of sixteen years from their date. Gross' Statutes of Illinois, Vol. 1, p. 430, Chapter 66, Sects. 17–20.

*Mr. Charles H. Lawrence* for defendant in error.

Mr. JUSTICE FIELD, after stating the case, delivered the opinion of the court.

If the fourth plea was sufficient in law to bar the maintenance of this action, it is not necessary to set forth the other pleadings and the action of the court thereon.

. . The first and second sections of an act of the General Assembly of the State of Illinois, entitled "An act to amend the several laws, concerning limitation of actions," approved November 5, 1849, (Laws Ill. 2d Sess. 1849, p. 44; 1 Gross' Ill. Stat. 1870, 3d ed. p. 430, §§ 17, 18,) provided:

"SECTION 1. That all actions founded upon any promissory note, simple contract in writing, bond, judgment or other evidence of indebtedness in writing, made, caused or entered into after the passage of this act, shall be commenced within sixteen years after the cause of action accrued, and not thereafter.

"SEC. 2. All actions founded upon accounts, bills of exchange, orders, or upon promises not in writing, express or implied, made after the passage of this act, shall be commenced within five years next after the cause of action shall have accrued, and not thereafter."

An act revising the law as to limitations was passed by the Twenty-seventh General Assembly, April 4, 1872, (Laws Ill. 1871–72, p. 556,) and forms part of the Revised Statutes of Illinois of 1874, and the act of November 5, 1849, was expressly repealed, with a saving clause, thus expressed in the Revised Statutes : "When any limitation law has been revised by this or the Twenty-seventh General Assembly, and the former limitation law repealed, such repeal shall not be con-

strued so as to stop the running of any statute, but the time shall be construed as if such repeal had not been made." Rev. Stats. 1874, c. 131, §§ 5 and 6; *Dickson* v. *Chicago, Burlington & Quincy Railroad*, 77 Illinois, 331.

Conceding that the act of November 5, 1849, is applicable, it is contended that checks are not bills of exchange, and therefore that the fourth plea did not fully answer the declaration, and that, moreover, checks did not fall within the second section, which prescribed five years as the bar to actions " upon accounts, bills of exchange, orders, or upon promises not in writing, express or implied," but within the first section, which as to " any promissory note, simple contract in writing, bond, judgment or other evidence of indebtedness in writing," prescribed sixteen years.

In the view which we take, the demurrer, which was general, was properly overruled, if the checks were within the second section, as the eighteen bills or drafts confessedly were. *Simons* v. *Butters*, 48 Illinois, 226.

Daniel comprehensively defines a check to be " a draft or order upon a bank or banking house, purporting to be drawn upon a deposit of funds, for the payment at all events of a certain sum of money to a certain person therein named, or to him or his order, or to bearer, and payable instantly on demand." 2 Dan. Neg. Inst. § 1566. And in a note to that section he gives these definitions and descriptions of checks from the text writers: " A check on a banker is, in legal effect, an inland bill of exchange, drawn on a banker, payable to bearer on demand." Byles on Bills, Sharswood's ed. 84. " A check is a written order or request, addressed to a bank or to persons carrying on the business of bankers, by a party having money in their hands, requesting them to pay on presentment, to another person, or to him or bearer, or to him or order, a certain sum of money specified in the instrument." Story on Prom. Notes, § 487. " A check is a brief draft or order on a bank or banking-house, directing it to pay a certain sum of money." 2 Parsons, Notes and Bills, 57. " A check drawn on a bank is a bill of exchange payable on demand." Edwards on Bills, 396.

The question presented is not one, however, of general commercial law, requiring a discussion of the distinctions existing between checks and bills of exchange, but merely whether checks were intended to be included within the words "bills of exchange," as used in the statute. In *Bickford* v. *First National Bank*, 42 Illinois, 238, and *Rounds* v. *Smith*, 42 Illinois, 245, it was held that a check might be regarded as substantially an inland bill of exchange, and many authorities were cited to the proposition that the rules applicable to such bills are applicable to checks. But the opinion of the court, by Mr. Justice Breese, did not proceed upon the ground that checks and domestic bills are identical, and the differences between them have been repeatedly recognized by the Illinois courts, *Bank* v. *Ritzinger*, 118 Illinois, 484; *Stevens* v. *Park*, 73 Illinois, 387; *Heartt* v. *Rhodes*, 66 Illinois, 351; *Willetts* v. *Paine*, 43 Illinois, 432; *Allen* v. *Kramer*, 2 Brad. App. 205.

It has also been decided that an instrument is not less a check because it orders payment "on account of A," *Bank* v. *Patton*, 109 Illinois, 479; and that its character as a check is not changed by the fact that it is payable in another State than the one in which it is drawn. *Bank* v. *Banking Co.*, 114 Illinois, 483; *Union National Bank* v. *Oceana County Bank*, 80 Illinois, 212. And the settled rule in that jurisdiction is, that where a depositor draws his check on a banker who has his funds to an equal or greater amount, it operates to transfer the sum named in the check to the payee, who can sue for and recover the amount from the banker; and that a transfer of the check carries with it the title to the sum named in the check to each successive holder. *Brown* v. *Leckie*, 43 Illinois, 497; *Munn* v. *Burch*, 25 Illinois, 35; and cases *supra*.

Without pausing to examine the points of resemblance and the points of difference between these instruments, it is enough that the result of the decisions in Illinois puts them so far on the same footing as to involve the conclusion that checks were fairly embraced under the description, "bills of exchange," in the second section of the statute under consideration.

In *Moses* v. *Franklin Bank*, 34 Maryland, 574, it was held that checks were embraced within the description, "inland

bills of exchange," in the article of the Maryland Code relating to protests, and the court said : "According to all the text writers on bills and notes, as well as in numerous decisions, a check is denominated a species of inland bill of exchange, not with all the incidents of an ordinary bill of exchange, it is true, but still it belongs to that class and character of commercial paper. The same reason, therefore, that would authorize the protest of an inland bill of exchange for non-payment would authorize the protest of a check, the payment of which had been refused on presentment." See also *Lawson* v. *Richards*, 6 Phila. 179.

So in *Eyre* v. *Waller*, 5 Hurls. & Norm. 460, the Court of Exchequer decided that checks were within the "Summary Procedure on Bills of Exchange Act," 18 and 19 Vict. c. 67 ; not only within the mischief, but within the words of the act.

And while these cases are referred to by way of illustration merely, it seems to us clear that whatever the legislative reason for the discrimination between the subjects of the first and of the second section, that reason manifestly requires checks to be placed in the same category as bills of exchange.

Again we are of opinion that checks might properly be held comprised in the word "orders," as associated with bills of exchange, rather than otherwise. Orders are frequently a kind of informal bills of exchange, and a check is of course an order for the payment of money ; and we do not consider that by any reasonable construction checks should be included in the term "other evidence of indebtedness in writing," as used in the first section, rather than in "bills of exchange," or "orders," as used in the second.

Counsel ingeniously argue that the first section specified obligations of a higher class than those mentioned in the second, and that checks, as contradistinguished from orders, belonged to the former ; but it is difficult to perceive why checks should be classified with bonds, judgments, and promissory notes, rather than with bills of exchange, or why the simple contract or evidence of indebtedness in writing, of the first section, should necessarily be regarded as of higher dignity than a draft or an order for money.

The fourth plea was inaccurate in its reference to a former statute of limitations, approved February 10, 1849, but that is immaterial; and, stripped of surplusage, it averred that the cause of action set forth in each of the twenty special counts as well as the common counts did not accrue within five years next before the bringing of the suit. The court properly held that, such being the fact, the drafts and checks were barred, and, as there was no pretence that there was any other cause of action, the judgment was right, and it is

*Affirmed.*