## JOHNSON v. WRIGHT.

NEGOTIABLE PAPER; CHECKS; 73D RULE.

1. A negotiable check is, in its principal characteristics and incidents, an inland bill of exchange, and, like such negotiable paper, imports consideration. Therefore, in a suit on a check, where the declaration is supported by an affidavit, in conformity to the 73d rule of the Supreme Court of this District and the defendant's pleas are not verified by an affidavit, as required by that rule, the fact that the plaintiff's affidavit does not show that certain stock, for which the defendant gave the check, was actually delivered, will not suffice to prevent the plaintiff from taking a summary judgment under the rule.

2. The 73d rule is a salutary one and exacts nothing unreasonable from the parties to a suit.

No. 139. Submitted November 21, 1893.—Decided January 12, 1894.

HEARING on an appeal by the plaintiff from a ruling of the Supreme Court of the District, holding a law term, refusing a judgment under the 73d rule of that court, in a suit on a check. *Reversed.*

The COURT in its opinion stated the case as follows:

This action was brought by the plaintiffs, Milton W. Johnson and Thomas D. Hooper, to recover of the defendant Florence H. Wright, the amount of a check drawn by the defendant payable to one John W. Collins, or order, for $300. The check is dated the 14th of March, 1892, and was drawn on the National Safe Deposit Company of Washington City; and it was indorsed in blank by Collins, the payee, and duly presented for payment, payment refused, and notice of dishonor given the defendant. These facts are all duly and formally alleged in the declaration. To the declaration there was an affidavit of one of the plaintiffs appended, and there was also an affidavit of Edward L. Hooper, a clerk or agent of the plaintiffs, appended, in which affidavits the cause of action is stated, and the facts and circumstances in

which the check had its origin and came to the hands of the plaintiffs and was afterwards dishonored by non-payment.

The defendant appeared to the action, and interposed two pleas. The first plea was that of not indebted as alleged; and the second was a special plea, setting out the facts of the transaction in which the check had its origin; but to neither of which pleas was there an affidavit, as required by Rule 73 of the Supreme Court of the District of Columbia. That rule gives the plaintiff the right to judgment in actions *ex contractu*, where the plaintiff has, at the time of bringing his suit, filed with his declaration an affidavit, setting out the cause of action, and the amount he claims to be due unless the defendant shall file along with his plea, if in bar, an affidavit of defense, denying the right of the plaintiff as to the whole or some specific part of his claim, and specifically stating also, in precise and distinct terms, the grounds of his defense, which must be such as would, if true, be sufficient to defeat the plaintiff's claim in whole or in part.

In default of an affidavit to the pleas, the plaintiffs moved for judgment under the rule, but which motion was over-ruled by the court, and judgment was denied. It is of that ruling that the plaintiffs complain; and they appealed to the General Term of the Supreme Court of the District, and from thence the case has been transferred to this court.

*Mr. Samuel Maddox* for the appellants:

The court below should have granted the motion for judgment, because the defendant failed to file along with her pleas an affidavit of defense in accordance with the 73d rule of court. The 73d rule is a rule of practice; one of the means that is pointed out in the processes of the court to produce results. It provides that when a plaintiff comes into court, states his demand fully and clearly and under the sanction of an oath, the defendant must present his denial of that demand and his purpose of defense under a sanction as high and as binding. *Bank* v. *Hitz*, MacA. & M., 199. The defendant in this case having filed no affidavit in sup-

port of the pleas interposed by her counsel, the plaintiffs, under the 73d rule, were entitled to judgment; provided they have complied with what was required of them by the same rule. In such case it is only necessary for the plaintiff, in his affidavit, to show a *prima facie* case of contract, entitling him to judgment. *Bond* v. *Shepherd*, 3 MacA., 367. The affidavit here identifies the parties, discloses an indebtedness incurred by the defendant, and the subject matter of the contract, describes the check given in settlement of the obligation so incurred, and the bank on which it was drawn, and avers that this check had been presented for payment at the bank and that payment had been refused. It further shows that the defendant has not since paid the · check, or any part of it, and that the whole amount thereof, $300, and interest from March 14, 1892, is justly due by her to the plaintiffs, over and above all set-offs and just grounds of defense.

*Mr. Heber J. May* for the appellee.

Mr. Chief Justice ALVEY delivered the opinion of the Court:

The right of appeal from the ruling in such case as the present, from the special to the General Term, seems to have been fully recognized and sanctioned by the General Term, as is shown by the case of the National Metropolitan Bank v. Barry, decided in October, 1889. And as the right of appeal in such cases has been held to exist, by the General Term, we shall follow that ruling and entertain the present appeal.

It is not apparent upon what ground the motion for judgment under the rule was denied. It was stated in argument, that the affidavit to the declaration was deemed defective by the court, because it did not show that the stock ordered by the defendant had in fact been delivered to her. But this is not an action on a contract for the sale and delivery of stock. The cause of action declared on, and that stated in the affi-

davits appended to the declaration, is the check of the defendant for $300, indorsed by the payee to the plaintiffs. There are to be found some authorities, it is true, that hold that there must be proof of the consideration for which a check is given, to entitle the holder to recover thereon. But that is not the law, as declared by the great preponderance of authority at this day. A negotiable check, such as that sued on in this case, is, in its principal characteristics and incidents, an inland bill of exchange, and it carries with it the presumptions that belong to that species of negotiable paper; and one of the principal incidents that belongs to such paper is, that it imports consideration. *Bull* v. *Bank of Kasson*, 123 U. S., 105, 111; *Rogers* v. *Durant*, 140 U. S., 298, 301. Mr. Daniel, in his very excellent work on Negotiable Instruments, vol. 2, sec. 1652 (2d ed.), has summed up the law as resulting from the nature of the instrument, and the decided cases, thus: " Whenever a check is negotiable, it is undoubtedly subject to the same principles which govern ordinary bills of exchange in respect to the right of the holder. In the *first* place, it is evidence of a valuable consideration as between the immediate parties thereto, and between the plaintiff and the drawer, when payable to bearer. In the *second* place, it may be transferred by indorsement, or by delivery without indorsement when payable to bearer. In the *third* place, when sued upon, the possession is *prima facie* evidence of title, and the plaintiff is presumed to be a *bona fide* holder for value, without notice of any defense existing between prior parties, and such defense cannot be pleaded against him. In the *fourth* place, even when it is proved that the real owner parted with it, or that the drawer drew it without consideration, the burden of proving *bona fide* ownership for value without notice will not devolve upon the holder; but when shown to have been drawn for an illegal consideration, or to have been obtained from the drawer by fraud or theft, the burden of proof is thrown upon the holder, and he must show a *bona fide* title in order to recover.

Here there is no allegation made in defense that the check was obtained by fraud or theft.   But if such allegation had been made, the court could not look to it or take notice of it as a ground for refusing the judgment, in the absence of the verification of the facts alleged by the defendant, by affidavit filed with the plea.  The rule 73 is a salutary one, and is a law to the court as well as to the suitors as long as it remains in force.   It is intended to prevent the delay of justice, by the common expedient of resorting to sham or pretended defenses.   It exacts nothing that is unreasonable from the parties; and if a defense be pleaded of what the defendant alleges as truth, and he is not willing to swear to it, it is not fair or reasonable to assume that he can get others to do what he declines to do himself; and hence the court is justified in assuming that the alleged defense is unfounded in fact, and in giving judgment to the plaintiff who has supported his claim by affidavit appended to the declaration.

We therefore think the court was in error in refusing to enter the judgment for the plaintiff under the rule; and we must reverse the ruling, and remand the cause, that judgment be entered on the motion of the plaintiff.

*Ruling reversed and cause remanded.*