GERMAN NATIONAL BANK OF BEATRICE v. BEATRICE NATIONAL BANK OF BEATRICE.

FILED DECEMBER 18, 1901. No. 11,216.

1. **Bank Check:** PROTEST. A local bank check, which has been in-dorsed by the payee, may be formally protested for non-accept-ance or non-payment.

2. ———: INLAND BILL. Bank checks are regarded as inland bills of exchange.

3. ———: PROTEST FEES. The fees of a notary public for protesting a bank check are recoverable against the drawer and drawee.

ERROR from the district court for Gage county. Tried below before LETTON, J. *Reversed.*

*W. C. LeHane, D. E. Collins* and *Ernest O. Kretsinger,* for plaintiff in error.

*Griggs, Rinaker & Bibb, contra.*

NORVAL, C. J.

The facts are stipulated: W. H. Bowman, a resident of Gage county, drew a check upon the Beatrice National

Bank in favor of James Dougherty, a resident of the same county, who indorsed the check to A. E. Voortman & Co., who were engaged in business in the city of Beatrice. The latter indorsed the check to the German National Bank of Beatrice, and it presented the same to the Beatrice National Bank, which refused payment. The check was thereupon turned over to a notary public, who duly protested the same. The German National Bank thereupon brought this action against the drawer and drawee of the check to recover the amount thereof and protest fees. The district court decided that the defendants were not liable for the protest fees, and refused to render judgment therefor, but entered judgment in favor of plaintiff for the amount of the check.

The sole question we are called upon to decide is whether the fees of the notary for protesting the check are recoverable against the drawer and drawee. Our conclusion, upon a careful consideration of the subject, is that the defendants are liable therefor. Under the common law the formal protest of an inland bill of exchange is not required. But in this state, by section 6, chapter 61, Compiled Statutes, authority is conferred upon a notary public "to demand. acceptance, or payment of any foreign, inland, or domestic bill of exchange, promissory note, or other obligation, in writing, and to protest the same for non-acceptance or non-payment, as the case may be, and give notice to indorsers, makers, drawers, or acceptors, of such demand a non-acceptance, or non-payment; * * * and over his signature and official seal certify the performance of such duties, so exercised and performed under the provisions of this act, which certificate shall be received in all courts of this state, as presumptive evidence of the facts therein certified to," etc. This section confers undoubted authority upon a notary public to protest a local check which has been indorsed by the payee. Defendants do not contend for the opposite of this, but insist that a notary public would not have such power were it not that a local check is included in the term "other obligation in writing" as

employed in the statute quoted. To this proposition we are unable to yield assent. In *Wood River Bank v. First Nat. Bank,* 36 Nebr., 744, it was expressly decided that "bank checks, in this country, are regarded as inland bills of exchange for the purpose of presentment and demand, and notice of dishonor." Such checks do not require a formal protest to charge the indorser. A formal protest is, however, entirely proper. The great weight of authority sustains the proposition that a bank check is substantially an inland bill of exchange. 2 Daniel, Negotiable Instruments [2d ed.], secs. 1566, 1567, and note; Boone, Banking, sec. 165; *Moses v. Franklin Bank,* 34 Md., 574; *Bickford v. First Nat. Bank,* 42 Ill., 238; *Rogers v. Durant,* 140 U. S., 298. It will be observed that the section of the statute quoted confers power upon a notary public to protest inland bills of exchange, which, we have seen, embrace local bank checks. The right to recover protest fees is given by section 6, chapter 41, which declares that "it shall be lawful for any person or persons having a right to demand any sum of money upon any protested bond, note, or bill of exchange as aforesaid, to commence and prosecute an action for principal, damages, interest, and charges of protest against the drawers, makers, or indorsers, jointly or severally, or against either of them separately. And judgment shall and may be given for such principal, damages, charges, and interest upon such principal, after the rate aforesaid, to the time of such judgment, together with costs of suit." In view of the statutory provision herein set out, the conclusion is irresistible that plaintiff is entitled to recover from the defendants the cost of protesting the check.

The judgment is reversed, and the cause remanded for further proceedings.

REVERSED AND REMANDED.