## COMMISSIONER OF INTERNAL REVENUE v. BINGHAM.

Circuit Court of Appeals, Sixth Circuit.
November 18, 1929.

No. 5225.

M. P. Fisher, Sp. Asst. Atty. Gen. (Mabel Walker Willebrandt, Asst. Atty. Gen., J. Louis Monarch, Sp. Asst. Atty. Gen., and C. M. Charest, Gen. Counsel, and Stanley Suydam, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., on the brief), for appellant.

J. D. Peeler, of Los Angeles, Cal. (John D. Watkins, of Houston, Tex., and Peter, Lee, Tabb, Krieger & Heyburn and Miller & Chevalier, all of Louisville, Ky., on the brief), for appellee.

Before DENISON, MOORMAN, and HICKS, Circuit Judges.

HICKS, Circuit Judge. Petition to review an order of the Board of Tax Appeals. The taxpayer, Robert W. Bingham, was, in December, 1922, a minority stockholder in certain corporations all of which declared dividends in that year payable either on December 30 or December 31, 1922. On those dates the several corporations issued dividend checks payable to the taxpayer and forwarded them to him by mail. They were received in due course on January 2, 1923, and the aggregate amount thereof, to wit, $62,324.01, was reported by the taxpayer in his income tax return for 1923. The Commissioner held that these dividends were taxable as income for 1922, and determined the tax accordingly. This resulted in a deficiency for 1922 of $8,988.53. The taxpayer appealed to the Board of Tax Appeals. The Board in a majority opinion reversed the holding of the Commissioner, and held that these dividends were not taxable for the year 1922; the Board being of the opinion that they should have been returned for 1923.

We think the holding of the Commissioner was correct. Sections 201(a), 201(e), 212(a) and (b) and 213(a) of the Revenue Act of 1921, chapter 136, 42 Stat. 227, et seq., are relevant.

By section 213(a) dividends are included in gross income, and by section 201(e) dividends, there designated as "a taxable distribution made by a corporation to its shareholders" (section 201a), are returnable in the gross income. Section 213(a) as applicable to the respondent's return, he having kept his book upon the receipts and disbursement basis on the calendar year period (section 212b), provides generally that gross income for tax purposes shall be allocated to the year in which received, but, by specific exception inserted in that section in parenthesis, taxable distributions made by corporations to its shareholders (dividends) are excluded from such provision. The reason for such exclusion of course was that an entirely different basis for fixing the tax year for dividends had already been established in section 201(e), which section must control. It is printed in the margin.[1]

Section 201(e) fixes the period for a return of dividends in the gross income as "of the date *when the cash* [italics ours] or other property is unqualifiedly made subject to their [shareholders'] demands." We get a clearer view when we lay to one side certain extraneous findings of the Board. It is neither important (except in one particular hereinafter mentioned) that the dividends were remitted by check, nor that the checks were received in 1923. Remittance by check, though a convenient business method, is not recognized by the statute. The important thing is that the shareholder did receive a dividend, not when or how. Having received

---

[1] "Sec. 201(e). For the purposes of this Act, a taxable distribution made by a corporation to its shareholders or members shall be included in the gross income of the distributees as of the date when the cash or other property is unqualifiedly made subject to their demands."

it, the statute (section 201e) required that it be included in his gross income as of the date, not when received, but when the cash (for this was a cash dividend) was unqualifiedly made subject to his demand. We think this was in the year 1922. The dividend was declared and payable in 1922. It follows, therefore, that the respondent immediately and before the expiration of the year 1922 became a creditor of the corporations. Chesapeake & Delaware Canal Co. v. United States, 250 U. S. 123, 126, 39 S. Ct. 407, 63 L. Ed. 889; Branch v. Jesup, 106 U. S. 478, 1 S. Ct. 495, 27 L. Ed. 279; Staats v. Biograph Co. (C. C. A. 2) 236 F. 454, 458, L. R. A. 1917B, 728. As a creditor, he had a right to demand his debt in money, for debts are payable in money. In other words, the cash was subject to his demand. The corporations were then liable. He was not required to take the checks even when issued, for they were not payment as a matter of law. That the checks were issued is relevant only as emphasis upon the proposition that at that time the cash was admittedly and unqualifiedly subject to the respondent's instant demand. Rogers v. Durant, 140 U. S. 298, 301, 11 S. Ct. 754, 35 L. Ed. 481; Bull v. Kasson Nat. Bank, 123 U. S. 105, 111, 8 S. Ct. 62, 31 L. Ed. 97. That it was not convenient and was perhaps physically impossible for him to appear at the offices of the various corporations before the year closed and demand the cash did not destroy his legal right to do so.

The view here taken preserves both section 201(e) and the exception in section 213 (a), and forestalls the possibility of an unequal burden as between taxpayers returning dividend incomes from the same corporations which by some eventuality have been received in different years.

The decision of the Board of Tax Appeals is reversed, and the mandate will direct a new order in accordance herewith.