## COMMISSIONER OF INTERNAL REVENUE v. ADAMS.

### No. 2563.

Circuit Court of Appeals, First Circuit.

Dec. 17, 1931.

Morton K. Rothschild, Sp. Asst. to Atty. Gen. (G. A. Youngquist, Asst. Atty. Gen., J. Louis Monarch, Sp. Asst. to Atty. Gen., and C. M. Charest, Gen. Counsel, and Hartford Allen, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., on the brief), for the Commissioner of Internal Revenue.

Charles D. Hayes (of Hayes & Hayes), of Washington, D. C., for Cecil Q. Adams.

Before BINGHAM and WILSON, Circuit Judges, and MORRIS, District Judge.

BINGHAM, Circuit Judge.

This is a petition to review an order or decision of the Board of Tax Appeals reversing a finding of the commissioner in which

he determined a deficiency of $4,583.78 against the taxpayer for the year 1924.

The facts are as follows:

In 1924 the taxpayer, a resident of Wellesley Hills, Mass., held fifteen hundred shares of the stock of the Bristol Leather Company of Philadelphia, Pa. December 26, 1924, the board of directors of the leather company, at a special meeting in Philadelphia, declared a dividend in the following manner:

"Upon motion duly seconded, the Treasurer was authorized to pay a cash dividend of ten per cent. on the paid up capital stock of the company, to all stockholders of record at this date, checks for the same to be mailed December 31, 1924."

The words "checks for the same to be mailed December 31, 1924," were inserted in the resolution so that a good cash balance as of December 31, 1924, might be maintained; and the company had sufficient money on hand on December 31, 1924, to pay the amount of the dividend. The taxpayer was in Philadelphia and was present at the meeting at the time the dividend was declared, but was in South Carolina on December 31, 1924. January 2, 1925, he received a dividend check dated December 31, 1924, for $15,-000 and on the same day entered the amount on his books, which were kept on a cash basis. He reported the amount of the dividend in his gross income for the year 1925. The commissioner added this amount to his income for 1924 and determined a deficiency of $4,583.78. The Board of Tax Appeals reversed the action of the commissioner, and he appealed to this court.

The question is whether the dividend which was authorized to be paid by check to be mailed on December 31, 1924, and which was not received until January 2, 1925, was taxable income in 1924, where the taxpayer keeps his books on a cash and calendar year basis.

The statutes and regulations involved are section 213(a) and section 212(b) and (c) of the Revenue Act of 1924, 26 USCA §§ 953 (b) (c), 954(a), and Regulations 65, art. 52. They read as follows:

"Sec. 213. For the purposes of this title * * *

"(a) The term 'gross income' includes * * * income derived from * * * dividends. ·* * * The amount of all such items shall be included in the gross income for the taxable year in which received by the taxpayer, unless, under methods of accounting permitted under subdivision (b) of sec-

tion 212, any such amounts are to be properly accounted for as of a different period."

"Sec. 212. * * * (b) The net income shall be computed upon the basis of the taxpayer's annual accounting period (fiscal year or calendar year, as the case may be) in accordance with the method of accounting regularly employed in keeping the books of such taxpayer."

Reg. 65, art. 52. "Examples of constructive receipt, * * * Dividends on corporate stock are subject to tax when unqualifiedly made subject to the demand of the stockholder."

The Board of Tax Appeals in its opinion distinguished the present case from that of Commissioner v. Bingham (C. C. A.) 35 F. (2d) 503, on the ground that the latter arose under the Revenue Act of 1921 (42 Stat. 227, c. 136), which contained a provision in section 201(e) that dividends "shall be included in the gross income of the distributees as of the date when the cash or other property is unqualifiedly made subject to their demands"; and on the further ground that the resolution, above referred to, fixed the time of payment as of December 31, 1924, and the method of payment to be by check, mailed on that day; and fixed no other time of payment and authorized no other method.

The case of Commissioner v. Bingham, supra, is clearly distinguishable from the present one, for the reason that the tax there in question was governed by the Revenue Act of 1921, in which section 201(e) expressly provides that dividends "shall be included in the gross income of the distributees as of the date when the cash or other property is unqualifiedly made subject to their demands," which provision the Revenue Act of 1924 does not contain.

The act of 1924 not only does not contain the above provision, but in section 213(a) expressly provides that dividends "shall be included in the gross income *for the taxable year in which received by the taxpayer,* unless, under methods of accounting permitted under subdivision (b) of section 212," with which exception we are not concerned.

■ The applicable provisions of section 213(a) are not ambiguous; the language used clearly expresses the intention of Congress. Its intention, where the language of the act is unambiguous and its meaning plain, is to be gathered from the act itself and not from what some member of the legislative body may have stated in committee or elsewhere. The language of this act speaks for

itself; it does not call for construction. And on this ground alone, we think that the Board of Tax Appeals did not err in reaching the conclusion that it did.

We are also of the opinion that, on the facts found, the dividends were not "unqualifiedly made subject to the demand of the stockholder," in the year 1924, if article 52 of the Departmental Regulations can be said to be valid and not in conflict with the express language of section 213(a).

The decision or order of the Board of Tax Appeals is affirmed.