SHEARMAN v. COMMISSIONER OF INTERNAL REVENUE.

No. 293.

Circuit Court of Appeals, Second Circuit.

July 7, 1933.

CHASE, Circuit Judge (after stating the facts as above).

Of course, when a statute speaks in language which leaves no doubt of the intent of Congress, contemporaneous administrative construction, if contrary to the terms of the statute, is merely erroneous, and has no effect except to call for correction. It cannot be relied upon as an accepted interpretation of the law. The Swift & Courtney & Beecher Company v. United States, 105 U. S. 691, 26 L. Ed. 1108; Isclin v. United States, 270 U. S. 245, 46 S. Ct. 248, 70 L. Ed. 566. The petitioner argues with force that is recognized that, when Congress used the words "for the taxable year in which received by the taxpayer," actual and not constructive receipt was meant. The Revenue Act of 1921, under which the Bingham Case (C. C. A.) 35 F. (2d) 503, hereafter referred to was decided, provided in section 201 (e), 42 Stat. 229, that such dividends as these should be included in gross income by the distributees "as of the date when the cash or other property is unqualifiedly made subject to their demands." Under that statute such regulations as are relied upon now would clearly have reflected the intent of the lawmakers. In the 1924 act (26 USCA § 954 and note), the language became, and it remained in the 1926 act (26 USCA § 954), substantially the same as that used in the 1928 act (section 115 [26 USCA § 2042]). The regulations requiring the inclusion of such dividends as these in the taxable period in which they were unqualifiedly made subject to the demands of the person entitled to receive them were included in every series of regulations promulgated from 1918 to the passage of the 1928 act. Indeed, they have been so included ever since, though the period subsequent to the 1928 act is now of no moment. T. R. 45, art. 54; T. R. 62, art. 53; T. R. 65 and 69, art. 52; T. R. 77, art. 333. In deciding whether Congress meant after the 1924 act that only dividends actually received were to be included in any taxable period or whether it was intended that the theory of constructive receipt was thereafter to prevail, the retention in subsequent acts without material change of the provision construed by the administrative department to mean constructive receipt persuasively indicates that Congress approved the interpretation. Brewster v. Gage, 280 U. S. 327, 337, 50 S. Ct. 115, 74 L. Ed. 457; Burnet v. Thompson Oil & Gas Co., 283 U. S. 301, 307, 308, 51 S. Ct. 418, 75 L. Ed. 1049; Murphy Oil Co. v. Burnet, 287 U. S. 299, 307, 53 S. Ct. 161, 77

Valentine B. Havens, of New York City (Chas. B. McInnis and Mortimer S. Edelstein, both of New York City, of counsel), for petitioner.

Sewall Key and Morton K. Rothschild, Sp. Assts. to Atty. Gen. (C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and Vernon F. Weekley, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., of counsel), for respondent.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

L. Ed. 318; Burnet v. Brooks, 288 U. S. 378, 392, 393, 53 S. Ct. 457, 77 L. Ed. 844; United States v. Dakota-Montana Oil Co., 288 U. S. 459, 466, 53 S. Ct. 435, 77 L. Ed. 893. Added assurance that Congress did not intend to change the requirement that dividends unqualifiedly made subject to the taxpayer's demands were to be included in the return for the period within which they were made so is found in the reports of the committees when section 201 (e) of the Act of 1921 was omitted from the Act of 1924. H. Rep. 179, 68th Cong. 1st Sess. pp. 12, 20, 21; S. Rep. 398 68th Cong. 1st Sess. p. 23; H. Conf. Rep. 844, 68th Cong. 1st. Sess. pp. 16, 17. These reports clearly show that the administrative practice was considered to be well settled and to be in accord with the statute as re-enacted. With such persuasive evidence of the intent of Congress, we hold that T. R. 74, arts. 333 and 621 are valid.

These dividends should therefore have been included in the petitioner's 1928 return if they were unqualifiedly made subject to her demands during that year. They were not payable by checks to be mailed as were the dividends considered in Commissioner v. Adams (C. C. A.) 54 F.(2d) 228, and perhaps that case differs from this in that the taxpayer was there entitled to receive the dividends only at such time as checks mailed were delivered. Here the time when the taxpayer was entitled to receive the dividends was definitely fixed by the resolution to be at the close of business on a day within the 1928 taxable period. The moment when the taxpayer was entitled to the use and benefit of them without qualification was not, as in the Adams Case, only after the time necessary for transmission of checks by mail had expired. This being so, the taxpayer was bound to return them as income in her return for 1928. Commissioner v. Bingham (C. C. A.) 35 F.(2d) 503.

Affirmed.