AVERY v. COMMISSIONER OF INTERNAL REVENUE.

Nos. 5029, 5030.

Circuit Court of Appeals, Seventh Circuit.

Oct. 26, 1933.

Rehearing Denied Nov. 20, 1933.

Leland K. Neeves, of Chicago, Ill., for petitioner.

Pat Malloy, Asst. Atty. Gen., and Sewall Key and Morton K. Rothschild, Sp. Assts. to Atty. Gen., and John MacC. Hudson, of Washington, D. C., for respondent.

Before ALSCHULER, EVANS, and SPARKS, Circuit Judges.

EVANS, Circuit Judge.

The two appeals here considered involve petitioner's 1924 and 1929 income taxes. The identical question is raised in each appeal. In what year is a dividend received for income tax purposes, the year the dividend is declared and payable or the year the stockholder receives the check therefor, if there be a difference in such years?

Petitioner was a large stockholder and president of the United States Gypsum Company, which, on November 12, 1924, declared a dividend on stock outstanding at the close of business on December 5, 1924, payable on or before December 31, 1924. A check for petitioner's dividend, dated December 31, 1924, amounting to $266,490.10, was by him received on January 2, 1925. A similar situation arose in 1929. The dividend was declared and made payable on or before December 31, 1929. The check which represented petitioner's dividend was by him received on January 2 of the following year.

Petitioner raises no question of liability for a tax upon such income. He complains of the ruling of the Board of Tax Appeals because that body approved the action of the Commissioner and held that these dividends constituted part of his income for the years 1924 and 1929. He insists that it was taxable to him as income in the years he received the dividend checks, which were 1925 and 1930.

Treasury Regulations 65, relating to the Revenue Act of 1924, provides:

"Art. 52. *Examples of constructive receipt.*— * * * Dividends on corporate stock are subject to tax when unqualifiedly made subject to the demand of the stockholder. * * *

"Art. 1541. *Dividends.*— * * * A taxable distribution made by a corporation to its shareholders shall be included in the gross income of the distributees when the cash or other property is unqualifiedly made subject to their demands."

Articles 333 and 621 of Treasury Regulations 74, relating to the Revenue Act of 1928, contain provisions substantially like those above quoted.

Petitioner contends that the regulations are not valid because in conflict with the statute, and Commissioner v. Adams (C. C. A.) 54 F.(2d) 228, is cited in support of his contention. Commissioner, on the other hand, cites Shearman v. Commissioner (C. C. A.) 66 F.(2d) 256; Commissioner v. Bingham (C. C. A.) 35 F.(2d) 503; Hadley v. Commissioner, 59 App. D. C. 139, 36 F.(2d) 543; as well as rulings of the Board of Tax Appeals, Mary Miller Braxton v. Com'r, 22 B. T. A. 128; Franklin J. Matchette v. Com'r, 26 B. T. A. 909.

Both sides have advanced rather persuasive arguments in support of their respective contentions. They have been duly considered by the courts which have passed upon the same question, and there is little or nothing to be gained by a restatement of them. The principles governing judicial interpretation of statutes, the effect of departmental regulations followed by legislation, the effect of the elimination of a section in the Revenue Act following the promulgation of a regulation, as well as the weight to be given to the decisions of other courts—have all been duly and carefully considered with a result which will be announced without elaborating our reasons.

We conclude that the weight of the argument is in favor of the conclusion that a stockholder of a corporation which has declared a dividend payable before a certain date, is on said date entitled to the sum thus declared as a dividend. His right thereto is traceable to the corporate action declaring the dividend, not to the check. The latter merely evidences the liability. It does not create the liability. The date the liability attaches, rather than the date of the check which evidences the indebtedness, governs.

The orders of the Board of Tax Appeals are affirmed.