## KULDELL v. COMMISSIONER OF INTERNAL REVENUE.

### No. 6837.

Circuit Court of Appeals, Fifth Circuit.
March 20, 1934.

Frank Andrews and J. L. Lockett, both of Houston, Tex., for petitioner.

Frank J. Wideman, Asst. Atty. Gen., Sewall Key and Carlton Fox, Sp. Assts. to Atty. Gen., and E. Barrett Prettyman, Gen. Counsel, Bureau of Internal Revenue, and R. W. Wilson, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for respondent.

Before BRYAN, FOSTER, and HUTCHESON, Circuit Judges.

HUTCHESON, Circuit Judge.

Petitioner returned as income received by the estate only one half of the dividends on its stock which Hughes Tool Company declared and credited to him as administrator in 1924 and 1925. He advances three reasons for not having returned the other half as income: (1) That the dividends, though credited, were not then nor were they ever in fact actually received by the estate. That he never appropriated them, and they were canceled in 1926 as erroneously made. (2) That, if the dividends in question are in law to be considered as having been actually re-

ceived by the estate in the years in which they were credited, the estate was not taxable on account of them because they were deductible as dividends presently distributable and actually distributed within the years received. (3) If in law actually received by the estate, they were not taxable because belonging to Hughes Tool Company, the owner by purchase from the devisees of a one-half interest in the estate.

The Commissioner and the Board thought otherwise. 25 B.T.A. 800. We think they were right. Howard R. Hughes, president of the Hughes Tool Company, died January 14, 1914, testate. All of his property vested immediately, subject to the payment of his debts, in his four residuary legatees, his son, who took one-half, his father, mother, and brother, who took one-sixth each. Among other assets which passed to them were 1500 shares, one-half of Hughes Tool Company's stock. The other 1500 shares had, on the death of his wife a short while before, passed to and were owned by his son, Howard Hughes, Jr. The will was duly probated, and petitioner was on March 13 duly appointed administrator c.t.a. On May 28 and on June 2, by assignments duly executed, Hughes Tool Company acquired the interests and succeeded to the rights and claims of father, mother, and brother in and to the Hughes estate and in and against Hughes Tool Company. The effect of these transfers was to vest in Hughes Tool Company, subject to its debts, one-half of Howard Hughes' estate. Thereafter, in 1924, Hughes Tool Company declared dividends of $243,500, and in 1925 of $500,000. One-half of these dividends, $121,750 received in 1924, and $250,000 in 1925, was placed to the credit of petitioner as administrator on the books of the company. In each year he returned as income of the estate one-half of the amount so credited. It was stipulated that no part of the 1,500 shares of stock of the Hughes Tool Company of which decedent died seized had been or would be required to pay the debts or expenses and that no part of it had been or would be required to be sold or disposed of in the administration of the estate.

Nothing is stipulated or shown in regard to the need the administrator had or would have for the dividends on the stock. Particularly was there neither stipulation nor testimony in explanation of the administrator's action in returning as income of the estate one half of the dividends while not returning the other half. The failure of the proof to explain this inconsistency is more marked in view of the fact that the stipulation shows not merely that the 750 shares Hughes Tool Company claims were not, but that no part of the 1,500 shares was, needed for administration. When the argument is turned to it is found no more informative in this respect than the stipulation and proofs. It ignores the fact that one-half of the dividends declared and credited to petitioner were returned by him as income of the estate. It proceeds as though only the dividends in question were declared and credited. So proceeding, it maintains that the facts of the assignment to Hughes Tool Company, the failure of the administrator to actually appropriate the credited dividends, and the later cancellation of this credit as incorrectly made, establish that these dividends were not income.

Are these differences in respect of the dividends returned and those not returned sufficient to exempt from tax the dividends in question? We do not think so. Section 213 (a) of the Revenue Act of 1924 and of that of 1926 (26 USCA § 954 (a), lists dividends as included in the term "gross income." It provides that they shall be included in the gross income for the taxable year in which received by the taxpayer. T. R. 65, art. 52, declares that dividends on corporation stock are subject to tax when unqualifiedly made subject to the demands of the stockholder. Section 219 (a) (3) of the same acts (26 USCA § 960 note) provides that the tax shall apply to the income received by estates of deceased persons during the period of administration and settlement of the estate, and that it shall be paid by the fiduciary. It also provides, section 219 (b) (2), that deductions will be allowed in computing net income of an estate of the amount of the income which is to be distributed currently by the fiduciary to the beneficiaries, and (3) in the case of income received by estates of deceased persons during the period of administration or settlement, the amount of the income of the estate which is properly paid or credited during such year to any legatee, heir, or beneficiary.

 Taking petitioner's points up in the light of these provisions, we think it must be accepted as beyond question that dividends declared upon stock in the name of a decedent, credited on the books of the company to his administrator and actually appropriated as to one-half of the amount credited, must be regarded as to all of them, as received by the estate in the years in

which they were received and credited. Com'r v. Bingham (C. C. A.) 35 F.(2d) 503; Brooks v. Commr. (C. C. A.) 35 F.(2d) 178; Shearman v. Commr. (C. C. A.) 66 F.(2d) 256. There is no merit in petitioner's second point that, if in law they should be considered as received by him, they should not be taxable to him because deductible under subdivisions 2 or 3 of section 219 (b). The will made no provision for current distribution to the beneficiaries. The statutes of Texas provide that the administrator shall have a year in which to gather the estate together before distributing any of it. The record in this case shows that the administrator and all other persons connected with the estate recognized that, whatever might be the rights of those concerned to act differently, prudent administration required a procedure substantially in accordance with these statutes. It is perfectly true that under Texas laws an administrator takes no title to the property, either real or personal; that all of it descends to and vests in the legatees under a will, in the heirs, if there is none. It is equally true, however, that it does so subject to the payment of the debts of the intestate, and that it is provided that upon the issuance of letters testamentary or administration, the executor or administrator shall have the right to the possession of the estate as it existed at the death of the testator or intestate, and he shall recover possession and hold such estate in trust to be disposed of in accordance with law. It was in recognition of this period of husbandry and control by the administrator, which prudent administration requires, that the Revenue Acts provide that income received by estates during the period of administration or settlement shall be returned and paid by the administrator. They give the administrator the right, however, if a distribution of any of the income is in fact made, to deduct the amount distributed. The income in question here was received by the administrator during the course, and before the close, of the administration. It was so received as the act of the Hughes Tool Company, the declarer of the dividends, by purchase owner of a one-half interest in the estate. There was, in fact, neither segregation nor distribution of any of the stock or of any of the income from it. There is in law no warrant for the view that dividends on any part of stock passing to residuary legatees along with other property of the estate shall be considered as segregated for income tax purposes from the balance of the estate and the income from it merely because some of the residuary

legatees have sold their interest in the estate to the corporation declaring the dividend.

Petitioner argues the matter as though there had been a partition of the estate between the legatees, and a setting aside to the Hughes Tool Company of 750 shares of stock as its own before any dividends were declared. He assumes, too, that the administrator had actually surrendered and turned over these 750 shares of stock to the company, releasing these shares to it free and discharged from the administration. He then argues that upon these facts which he has assumed, and the further fact that some two years later the administrator and Hughes Tool Company agreed that the credit to the administrator could be canceled, the dividends must be considered as dividends not to the estate, but to Hughes Tool Company. But all of this is assumption of that which, though it might have sufficed if done, was not in fact done. We think the reason he finally advances, that these dividends are not taxable because owned by the Hughes Tool Company, a corporation, is, for the same reason, no better taken. The point here is that because under section 234 (a) (6), Revenue Act of 1924 and 1926, 26 USCA § 986 (a) (6), a corporation may deduct dividends on corporate stock it owns, and particularly because dividends declared by Hughes Tool Company on stock it owns would not be income, the treatment of these dividends as income of the estate would be to tax as income what is not in law taxable. Petitioner relies on Lederer v. Stockton, 260 U. S. 3, 43 S. Ct. 5, 67 L. Ed. 99, and Bowers v. Slocum (C. C. A.) 20 F.(2d) 350, as supporting his point. These are cases giving effect not to deductions, but to a statute specifically exempting the income of charitable institutions from taxation. They declare that the mere fact that their income comes to them through the medium of trust administration may not operate to deprive them of the exemption. Here is no such case. Here the whole estate of Hughes, subject to the payment of his debts, was devised to four persons. While the estate was in process of administration, three of these persons sold their residuary interests. No partition was effected, no stock was surrendered, no new stock issued. Nothing occurred to change the character of the property from property of an estate to property owned specifically by any one, the character of its income from income of an estate taxable to it to income exempt from taxation. Until there was a partition and distribution among those entitled to it, each owned an

undivided interest in all of the property of the estate; none owned a sole interest in any of it. It was for just such cases as this that the statute made provision for the income tax being returned and paid by the administrator. All of the parties took this view of it. They credited the dividends to the administrator, the administrator took part of them. When two years later, finding that he would not need them, he agreed to a cancellation of the credit as to one-half, it was too late to affect their status as income of the estate, taxable to it.

The petition for review is denied.