## FIRST NAT. BANK & TRUST CO. OF TULSA v. PRICE.

No. 29468. Feb. 1, 1940.

Rehearing Denied June 4, 1940.

Supplemental Opinion June 11, 1940.

*103 P. 2d 103.*

J. C. Pinkerton and Hess Crossland, both of Tulsa, and C. M. Gordon, of Okmulgee, for plaintiff in error.

C. E. B. Cutler, of Okmulgee, for defendant in error.

OSBORN, J. This action was instituted in the district court of Okmulgee county by the First National Bank & Trust Company of Tulsa, a national banking association, hereinafter referred to as plaintiff, against J. A. Price, hereinafter referred to as defendant, to recover upon defendant's alleged liability as a prior indorser of a bill of exchange or bank check. Defendant interposed a general and special demurrer to plaintiff's petition that the petition failed to state a cause of action and that it showed upon its face that plaintiff's cause of action was barred by the statute of limitations. The demurrer was sustained by the trial court, and, plaintiff having elected to stand upon its petition, judgment was entered dismissing the action. From this order and judgment, plaintiff has appealed.

The sole question presented here for review is whether an action against the payee of a bank check, indorsed by him without qualification to a bank in consideration of the payment of the amount thereof, which is in turn indorsed by the bank and presented to the drawee bank, where payment is refused, must be brought within three years after refusal of payment by the drawee bank, or whether such an action is upon a written instrument or contract and may be brought within five years from such date.

The statute of limitations pertinent to this question is section 101, O. S. 1931, 12 Okla. Stat. Ann. § 95, the first, second, and sixth paragraphs of which are as follows:

"Civil actions, other than for the recovery of real property, can only be brought within the following periods, after the cause of action shall have accrued, and not afterwards:

"First. Within five years: An action upon any contract, agreement or promise in writing.

"Second. Within three years: An action upon a contract express or implied not in writing; an action upon a liability created by statute other than for a forfeiture or penalty. * * *

"Sixth. An action for relief, not hereinbefore provided for, can only be brought within five years after the cause of action shall have accrued."

A check is defined by section 11484, O. S. 1931, 48 Okla. Stat. Ann. § 402, as follows:

"A check is a bill of exchange drawn on a bank, payable on demand. Except as herein otherwise provided, the provisions of this act applicable to a bill of exchange payable on demand apply to a check."

A bill of exchange is defined by section 11425, O. S. 1931, 48 Okla. Stat. Ann. § 281, as follows:

"A bill of exchange is an unconditional order in writing addressed by one person to another, signed by the person giving it, requiring the person to whom it is addressed to pay on demand at a fixed or determinable future time a sum certain in money to order or to bearer."

Section 11329, O. S. 1931, 48 Okla. Stat. Ann. § 81, provides that such a bill be negotiated by indorsement of the holder, completed by delivery.

Section 11330, O. S. 1931, 48 Okla. Stat. Ann. § 82, provides:

"The indorsement must be written on the instrument itself or upon a paper attached thereto. The signature of the indorser, without additional words, is a sufficient indorsement."

Section 11365, O. S. 1931, 48 Okla. Stat. Ann. § 147, provides, in part:

"Every indorser who indorses without qualification, warrants to all subsequent holders in due course: * * * 2. That the instrument is at the time of his indorsement valid and subsisting; and, in addition, he engages that on due presentment it shall be accepted or paid, or both, as the case may be, according to its tenor, and that if it be dishonored, and the necessary proceedings on dishonor be duly taken, he will pay the amount thereof to the holder, or to any subsequent indorser who may be compelled to pay it."

The maker of a check by the act of drawing and delivering the check becomes bound to pay it if the drawee does not, so that a statute of limitations applying to an action on a written contract for the payment of money is applicable to an action against the maker of such check. See Williams v. Lowe (1916) 62 Ind. App. 357, 113 N. E. 471. One who unqualifiedly indorses negotiable paper continues to be a party to the paper. See Hawkeye Securities Fire Ins. Co. v. Central Trust Co. of Des Moines, 208 Iowa, 573, 221 N. W. 486.

In 19 Am. and Eng. Ency. 273, it is said:

"An action by the payee or indorsee of a check to recover thereon is an action on a written contract and is governed by the limitation applicable to that class of actions. The fact that the check contains no express promise to pay does not render it any the less a written contract or make the liability of the drawer or indorser one arising from implication." Citing Haines v. Tharp, 15 Ohio, 130, and Platt v. Black, 10 Ohio Cir. Ct. R. 499.

See, also, 37 C. J. 762.

In Guaranty Bond State Bank of Athens v. Fraternal Bank & Trust Co., 68 S. W. 2d 305, syllabus 4, the Civil Court of Appeals for the State of Texas held:

"Suit on signed written indorsements on checks guaranteeing prior indorsements *held* suit for 'indebtedness evidenced by contract in writing,' and hence four-year statute of limitations was applicable."

Defendant relies upon Wally v. L. N. Dantzler Lumber Co. (Miss.) 81 So. 489; Herweck v. Rhodes (Mo.) 34 S. W. 2d 32; and Rogers v. Durant, 140 U. S. 298, 35 L. Ed. 481, 11 S. Ct. 754. In the Mississippi case, supra, the action was not upon an unpaid check, but for repayment of money advanced, of which checks were evidence of payment. The Missouri case, supra, was an action upon a contract wherein the plaintiff attempted to rely upon a receipt issued by defendant for United States notes in payment of a deed of trust. The court in that case held that the receipt contained no promise to pay. The same court, in Lowe v. McDonald, 9 Mo. App. Rep. 590, held that an action against an indorser of a negotiable instrument is an action upon a writing for the payment of money. In Rogers v. Durant, supra, there was involved a construction of limitation statutes entirely different from those in this state. In that case there was a 16-year statute upon

actions based upon any promissory note, simple contract in writing, etc., while actions upon accounts, *bills of exchange,* or promises not in writing, must be brought within five years. Plaintiff declared upon some 18 items as bills of exchange and two items as bank checks. The court there held that checks are bills of exchange under the decisions of the state of Illinois, and that the short statute was applicable to all of the items sued upon.

Defendant also advances the theory that the plaintiff and defendant are joint indorsers and that the action must be upon the implied promise of indorsers one to the other that either will repay whatever sum the latter may be compelled to pay over and above his share. There is nothing in the facts herein to justify such conclusion. The indorsements of plaintiff and defendant were not simultaneous, and there was no community of interest in the proceeds of the check. The defendant indorsed in blank and negotiated the check by delivery to plaintiff, who in turn indorsed it and presented it to the drawee bank, where payment was refused. Plaintiff in this action is in the position of an indorser of negotiable paper seeking to recover from a prior indorser. That plaintiff may do this is not questioned. The only question is whether such an action is based upon the check, or upon an implied promise to pay on the part of the prior indorser.

The customs of modern business are such that many times checks are cashed by banks and other business firms solely upon indorsements, without regard to the responsibility of the maker. When an indorser places his signature upon such negotiable paper he thereby becomes a party to that paper within the meaning of the statute of limitations, supra, and the view that an action against such indorser is an action upon a written contract within the meaning of section 101, O. S. 1931, 12 Okla. Stat. Ann. § 95, subdivision 1, is amply supported by the available authorities.

The judgment of the trial court is accordingly reversed and the cause is remanded, with instructions to proceed according to the views herein expressed.

WELCH, V. C. J., and HURST, DAVISON, and DANNER, JJ., concur.

#### Supplemental Opinion.

PER CURIAM. It has been called to the attention of this court by proper motion filed that the defendant in error, J. A. Price, departed this life at his place of residence in Okmulgee, Oklahoma, on or about February 27, 1940. All the briefs had been filed prior to this date. We therefore hold that the cause was properly submitted prior to the death of the defendant in error, J. A. Price. Under the rule announced by this court in Spencer v. Hamilton, 156 Okla. 194, 13 P. 2d 81, and House v. Gragg, 170 Okla. 550, 44 P. 2d 832, in such a case the opinion will be withdrawn and refiled as of a date prior to the death of the defendant in error.

It is therefore directed that the opinion be withdrawn and refiled as of the date of February 1, 1940, the date of the submission of the cause.