## In re CONCORD SILVERSMITHS CORPORATION.

### No. 4504.

District Court, D. New Hampshire. March 19, 1940.

---

Dennis Sullivan, Asst. U. S. Atty., of Franklin, N. H., for United States.

Stanley Burns, of Dover, N. H., pro se, for trustee.

MORRIS, District Judge.

This matter relates to the disallowance by the Referee in Bankruptcy of two items for taxes assessed against the Corporation by the Commissioner of Internal Revenue.

A proof of claim was filed by the Collector of Internal Revenue on September 29, 1939, covering certain additional income taxes claimed to be due for the fiscal year ending January 31, 1938, amounting to $289.69 with interest from April 15, 1938, at the rate of six per cent per year.

The claim is made up of two items.

Item 1. The corporation duly filed its return for the year in question and paid its tax in accordance therewith. It took a deduction from its gross income of $1,000 for payments of $500 each to its president and treasurer. Upon an audit of its books by a Revenue Agent, the $1,000 item was disallowed resulting in an additional tax of $172.30 with interest from April 15, 1938.

The basis upon which this tax is assessed is that the payment to the officers of the corporation were illegal and that the money so paid was justly the property of the corporation which it could recover back and it was therefore the subject of a tax.

The Referee in Bankruptcy found and reported that the salary of the President and Treasurer of the Corporation was $3,000 per year. The Government claims that any payment in excess of the authorized salary was illegal.

It appears from the Referee's report that the payments were made because of extra services performed by the officers of the Corporation in settling litigation between the corporation and the Gorham Company resulting in a payment to the Corporation of $11,000. It does not appear that there was any formal vote of the Corporation authorizing the payments but they were sent up on the books of the Corporation and known to have been made by directors of the company. The payments appear to have been acquiesced in and no effort was ever made to recover them back. The payments were made May 31, 1937, which was within the fiscal year in question.

Section 23(a) Revenue Act of 1936, 26 U. S.C.A. Int.Rev.Acts, provides: "In computing net income there shall be allowed as deductions: (a) All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered."

I hold, as did the Referee, that the item of $1000 was a proper deduction in the taxpayer's return for "personal services actually rendered". As to this item the ruling of the Referee is affirmed.

Item 2. Item No. 2 relates to the payment of a dividend amounting to $1677 which was deducted by the taxpayer from its gross income in its return for the fiscal year ending January 31, 1938. Dividend checks were mailed on the last day of the year but in the ordinary course of mail would not be received by the stockholders until the following day. Some of the stockholders reside in the vicinity of Concord where the home office of the Corporation is situated, others live at a distance. The Revenue Agent disallowed the deduction on the theory that it was not a dividend payable or paid within the fiscal year. The tax amounted to $117.39 with interest from April 15, 1938. The Referee disallowed the claim. The Government filed a petition for review and the entire matter of the extra tax claims is before the Court for determination.

All of the dividend checks were presented to the bank and paid within the first eight days of February. The Government claims that the dividend was not deductible until the stockholders received payment.

Section 27(a) of the Revenue Act of 1936 (49 Stat. at Large, page 1665, 26 U.S.C.A. Int.Rev.Acts, reads as follows: "For the purposes of this title, the dividends paid credit shall be the amount of dividends paid during the taxable year."

The question presented is whether the dividend is properly deductible for the fiscal year ending January 31, 1938, or whether it must be postponed to the succeeding year.

As it is not an unusual proceeding for a corporation to pay dividends at the end of the fiscal year and presumably to pay by check, it seems strange that counsel have been unable to cite any cases which determine the precise question presented.

Treasury Regulation 94, Article 27(a) (b) provides:

"(b) *When dividends are considered paid.*—A dividend will be considered as paid when it is received by the shareholder. A dividend paid credit can not be allowed unless the shareholder receives the dividend during the taxable year for which the credit is claimed.

"If a dividend is paid by check and a check bearing a date within the taxable year is deposited in the mails, in a cover properly stamped and addressed to the shareholder at his last known address, at such time that in the ordinary handling of the mails the check would be received by the shareholder within the taxable year, a presumption arises that the dividend was paid to the shareholder in such year."

The language of the Revenue Act that dividends may be deducted during the taxable year in which they are paid appears unambiguous. Upon the theory that Treasury Regulations cannot change or control the plain language of the statute the Referee held that: "When the checks were drawn and delivered, or mailed for delivery to the stockholders and thus had passed beyond the control of the Company, the dividend was 'paid' within the fair meaning of the act." The case turns upon the definition of the word "paid" as used in the act. As said above no case directly in point has been cited and I must turn to analogous cases which may have some bearing upon the question in issue.

The case of Commissioner v. Adams, 1 Cir., 54 F.2d 228, 229, involves the rights of a stockholder who received a dividend check dated December 31, 1924, on January 2, 1925. He reported the amount of the dividend in his gross income for the year 1925. The commissioner added this amount to his income for 1924 and determined a deficiency. The Board of Tax Appeals reversed the action of the commissioner and an appeal was taken to the Circuit Court for this circuit. Judge Bingham calls attention to the words of the Revenue Act of 1924: which provides that dividends "shall be included in the gross income for the taxable year in which received by the taxpayer". 26 U.S.C.A. Int.Rev.Acts. He says: "The applicable provisions of section 213 (a) are not ambiguous; the language used clearly expresses the intention of Congress. Its intention, where the language of the act is unambiguous and its meaning plain, is to be gathered from the act itself and not from what some member of the legislative body may have stated in committee or elsewhere. The language of this act speaks for itself; it does not call for construction. And on this ground alone, we think that the Board of Tax Appeals did not err in reaching the conclusion that it did. We are also of the opinion that, on the facts found, the dividends were not 'unqualifiedly made subject to the demand of the stockholder,' in the year 1924, if article 52 of the Departmental Regulations can be said to be valid and not in conflict with the express language of section 213(a)." The principle of the Adams case is affirmed in Avery v. Commissioner, 292 U.S. 210, 54 S.Ct. 674, 676, 78 L.Ed. 1216. This also was the case of a stockholder who received his dividend check drawn on December 31, on the first day of the following month. It was held that, "In the disclosed circumstances the dividends cannot properly be considered as cash or other property unqualifiedly subject to the petitioner's demand on December 31st. * * * The checks did not constitute payments prior to their actual receipt."

### Conclusions.

The Referee has not found, except as to one stockholder, that the dividend checks were deposited in the post-office in time to have been received on January 31st; therefore the presumption mentioned in the Treasury Regulation above quoted cannot be applied.

If the evidence in a given case disclosed that numerous stockholders lived in the vicinity of the post-office and many others at a distance there would be difficulty and confusion in attempting to apply the Regulation to the corporation, but we are not called upon to determine the rights of the corporation under these conditions.

I hold that according to the principles laid down in the cases above cited, that the word "paid" is to be construed as referring to the time when a stockholder actual-

ly receives his dividend check and not to the time when the check was drawn.

If the stockholders do not receive their checks until the expiration of the corporate fiscal year, the corporation cannot claim the dividends were paid and deducted in the year in which the checks were drawn.

On the facts reported I hold that the Referee erred in disallowing the deficiency assessment on the dividend payment amounting to $117.39.

The tax should be re-computed disallowing the credit of $1,677 claimed in the return for dividends paid and this item included in income. Proper credit should be allowed for social security and unemployment taxes paid, and the claim of the Government is allowed in the amount disclosed by such recomputation.